Anthony J. Ellrod (State Bar No. 136574)
  aje@manningllp.com
Rodrigo J. Bozoghlian (State Bar No. 249732)
  rjb@manningllp.com
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Plaintiff OSCAR TUBIO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR TUBIO,<br><br>           Plaintiff,<br><br>     v.<br><br>ADIDAS AMERICA, INC., an Oregon corporation; ADIDAS AG, a German stock corporation; and DOES 1 through 500, inclusive.<br><br>           Defendants. | Case No.<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>    1. COPYRIGHT INFRINGEMENT;<br><br>    2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>Jury Trial Demanded |

Plaintiff Oscar Tubio by and through his undersigned attorneys, hereby prays to this honorable Court for relief as follows:

JURISDICTION AND VENUE

1.     This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 et seq.

2.     This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3.     Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

PARTIES

4. Plaintiff is an individual residing in Buenos Aires, Argentina.

5. Plaintiff is informed and believes and thereon alleges that Defendant ADIDAS AMERICA, INC. ("Adidas America"), is an Oregon Corporation, with its principal place of business located at 5055 Greeley Ave., Portland, Oregon 97217, and is doing business in and with the state of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant ADIDAS AG ("Adidas Germany") is a German stock corporation with its principal place of business located at Adi-Dassler-Strasse 1, 91074 Herzogenaurach, Germany. (Adidas America and Adidas Germany are sometimes cumulatively referred to as "Adidas".)

7. Defendants DOES 1 through 500, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 500, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

///

## FACTUAL BACKGROUND

9. Plaintiff Oscar Tubio ("Tubio") is a recognized and prestigious sports clothing designer. In the 70's when his career began, in the Argentine Republic where he resided there was no such thing as sports merchandising. He was quite literally one of the first people to embrace the concept that sports teams and professional athletes, could advertise and sell clothing based upon the association of the clothing with the team or athlete.

10. Boca Juniors is a football (soccer) team in Argentina. Boca Juniors has won 72 official titles, the most by any Argentine club. Boca Juniors is ranked third in the world in terms of number of complete international titles.

11. Diego Maradona ("Maradona") is perhaps the most famous soccer player, if not athlete, who has ever lived. He joined Boca Juniors in February 1981. In 1981 Boca Juniors won their first title of the decade, the Metropolitano Championship, and Maradona was considered in his prime. As a result, the Boca Juniors 1981 jersey ("Jersey") has become iconic.

## CLAIMS RELATED TO THE BOCA STARS

12. Prior to the conduct complained of herein, Tubio composed an original two-dimensional artwork for purposes of textile printing. This artwork was a creation of Tubio, and is, and at all relevant times was, owned exclusively by Tubio. Specifically, Tubio designed and created the Boca Junior's 1981 jersey ("Jersey"). The design of the shirt replaced the traditional design that contained the club's crest in which a five-pointed star was incorporated with four eight pointed stars with the initials CABJ. A true and correct copy of the Jersey is attached hereto as Exhibit A. As such, Tubio owns the common law copyright to the Jersey, as well as the four stars with "CABJ" in them incorporated into the Jersey (the "Boca Stars").

13. Plaintiff applied for and received copyright registration for the Boca Stars in Argentina on or about December 17, 2021 under registration numbers RL-2021-122569036-APN-DNDA#MJ. A copy of the Boca Stars is attached hereto as

3

COMPLAINT

Case No.

Exhibit B, and a copy of the copyright registration is attached hereto as Exhibit C.

## DEFENDANTS' COPYRIGHT INFRINGEMENT

14. On November 25, 2020, Diego Maradona passed away. This made international headlines and was major news in the soccer world and the sports world at large. It also sparked renewed interest in the Boca Juniors 1981 Jersey. In order to capitalize on this, defendants produced and sold replicas both through their own stores, other retail stores, and online platforms.

15. In or about August 2019, Tubio learned that Adidas was planning on producing replica jerseys ("Replicas") and reached out to the head of Adidas in Argentina, noting that he created the Boca Stars and owned the copyright to it. Adidas ignored this communication.

16. In or about December 2021 Tubio learned that Adidas was producing and marketing the Replicas. On December 19, 2021, Christian Barra, counsel for Tubio in Argentina, directed correspondence to the Chief Sales Officer of Adidas Germany informing him that Mr. Barra represented Tubio, and that Tubio owns the copyright to the Jersey. The following day, counsel for Adidas in Argentina contacted Mr. Barra and they discussed working out some sort of deal, including participating in what was essentially a mediation. When no resolution was reached, Tubio initiated legal proceedings in Argentina against Adidas Argentina.

17. On information and belief, in or around October 2020, Adidas began manufacturing and selling Replicas. Attached hereto as Exhibit D are copies of some of the Replicas being marketed by Adidas. In addition, at or around that time Adidas began manufacturing and selling a variety of other sporting apparel that incorporates the Boca Stars ("Replica Stars"). Attached hereto as Exhibit E are copies of some of the Replica Stars being marketed by Adidas.

18. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights and/or in blatant disregard for Plaintiff's rights, such

that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

19. A comparison of the Jersey and Boca Stars on the one hand, and the Replicas and Replica Stars on the other hand, makes apparent that the elements, composition, arrangement, layout, and appearance of the designs are substantially similar if not identical. Below are photos illustrating the similarities.



20. The exemplars contained in Exhibits D and E are not meant to be

exclusive and the claims of infringement set forth herein are made as to any and all product distributed, marketed, or sold by Defendants, and each of them, that are substantially similar to the Jersey and/or Boca Stars.

## **FIRST CLAIM FOR RELIEF**

(For Copyright Infringement – Against All Defendants, and Each)

21. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

22. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Jersey and, specifically, the Boca Stars design.

23. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) have an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed the Boca Stars design in that said garments were composed of fabric which featured unauthorized print design(s) that were identical or substantially similar to the Boca Stars design, or were an illegal derivation or modification thereof.

24. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Boca Stars and by producing, distributing and/or selling garments which infringe the Boca Stars design through an international network of retail stores, catalogues, and through on-line websites.

25. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages in an amount to be established at trial.

26. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

27. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Boca Stars design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Boca Stars design in an amount to be established at trial.

28. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

29. The willful, intentional and malicious infringement by defendants, and each of them, was done with malice and oppression. Further, said conduct was despicable in that it was so vile, base, contemptible, miserable, retched, and loathsome that it would be looked down upon and despised by ordinary decent people, and accordingly, plaintiff is entitled to recover punitive damages for the sake of example and by way of punishing defendants, and each of them.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

30. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

31. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Boca Stars

design as alleged herein.

32. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

33. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

34. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Boca Stars Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Boca Stars design, in an amount to be established at trial.

35. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

36. The willful, intentional and malicious infringement by defendants, and each of them, was done with malice and oppression. Further, said conduct was despicable in that it was so vile, base, contemptible, miserable, retched, and loathsome that it would be looked down upon and despised by ordinary decent people, and accordingly, plaintiff is entitled to recover punitive damages for the sake of example

and by way of punishing defendants, and each of them.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### **Against All Defendants**

37. <u>With Respect to Each Claim for Relief</u>

a. That Defendants, each of them, and their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically the copyright for the Boca Stars design;

b. That Defendants, and each of them, account to Plaintiff for and pay to Plaintiff their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement, in an amount in excess of $75,000, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

d. That Plaintiff be awarded punitive and exemplary damages;

e. That Plaintiff be awarded pre-judgment interest as allowed by law;

f. That Plaintiff be awarded the costs of this action; and

g. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

///
///
///
///

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff Oscar Tubio hereby demands a trial by jury of any and all issues triable of right by a jury.

DATED:  September 8, 2022        **MANNING & KASS**
    **ELLROD, RAMIREZ, TRESTER LLP**


By: _____*/s/ Rodrigo Bozoghlian*_____
    Anthony Ellrod
    Rodrigo J. Bozoghlian
    Attorneys for Plaintiff OSCAR TUBIO