1

KILPATRICK TOWNSEND & STOCKTON LLP
KOLLIN J. ZIMMERMANN (CA Bar No. 273092)

2

KZimmermann@kilpatricktownsend.com
R. CHARLES HENN, JR. (*pro hac vice* Granted)

3

chenn@kilpatricktownsend.com
JAMES A. TRIGG (*pro hac vice* Granted)

4

jtrigg@kilpatricktownsend.com
1801 Century Park East Suite 2300

5

Los Angeles, CA  90067
Telephone:  310-248-3830

6

Facsimile:   310-860-0363

7

Attorneys for Defendant
ADIDAS AMERICA, INC.

8

9

10

11

12

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

13

14

OSCAR TUBIO,

15

                    Plaintiff,

16

          v.

17

ADIDAS AMERICA, INC., AN
OREGON CORPORATION; ADIDAS

18

AG, A GERMAN STOCK
CORPORATION; AND DOES 1

19

THROUGH 500, INCLUSIVE,

20

                    Defendants.

21

22

23

24

25

26

27

28

Case No. 2:22-cv-06424-GW (PVCx)
*Judge:*       Hon. George H. Wu

**DEFENDANT ADIDAS AMERICA,
INC.'S MEMORANDUM OF
POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION TO
DISMISS AND FOR FEES**

Complaint Filed:   September 8, 2022
Hearing Date:      December 8, 2022
Hearing Time:      8:30 AM
Courtroom:         9D
Trial Date:        TBD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **TABLE OF CONTENTS**

**PAGE #**

I.  INTRODUCTION ................................................................................. 1

II.  STANDARD FOR MOTION TO DISMISS ................................................ 2

III.  PLAINTIFF'S COPYRIGHT CLAIM SHOULD BE
DISMISSED WITH PREJUDICE FOR LACK OF
ORIGINALITY ................................................................................... 3

    A.  The CABJ Graphic Lacks the Creativity Necessary for
Copyright Protection ................................................................. 4

        1.  The Letters C-A-B-J Are an Unprotectable Acronym .............. 5

        2.  The Blue-and-Yellow Colors Are Not Copyrightable .............. 6

        3.  The Typeface in the CABJ Graphic Is Not Copyrightable ........ 6

        4.  The Common Geometric Shapes and Symbols in the CABJ
Graphic Are Not Copyrightable ................................................. 7

        5.  Neither Repeating Elements Nor Combining Uncopyrightable
Typeface and Uncopyrightable Shapes Yields Copyright
Protection ................................................................................. 10

    B.  Plaintiff's Secondary-Liability Copyright Claim Fails
With the Underlying Claim ..................................................... 19

IV.  THE COURT SHOULD AWARD ADIDAS FEES
INCURRED DEFENDING A MERITLESS CLAIM .................................. 19

V.  CONCLUSION ................................................................................. 21

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A & M Records, Inc. v. Napster, Inc.*,
   239 F.3d 1004 (9th Cir. 2001) ................................................................. 19

*Aldar Tobacco Grp., LLC v. Am. Cigarette Co.*,
   No. 08-62018-CIV-JORDAN, 2010 WL 11549585 (S.D. Fla. Mar.
   24, 2010) .................................................................................................. 12

*Apps v. Universal Music Grp.*,
   763 F. App'x 599 (9th Cir. 2019) .............................................................. 5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................... 2

*Batjac Prods. Inc. v. GoodTimes Home Video Corp.*,
   160 F.3d 1223 (9th Cir. 1998) ................................................................... 8

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................... 2

*Bridgeport Music, Inc. v. WB Music Corp.*,
   520 F.3d 588 (6th Cir. 2008) ................................................................... 20

*Cablevision Sys. Dev. Co. v. Motion Picture Ass'n of Am.*,
   Inc., 836 F.2d 599, 607-10 (D.C. Cir. 1988) .......................................... 13

*Carrel v. Origami Owl, LLC*,
   No. 18 Civ. 694 (NRB), 2019 WL 1330941 (S.D.N.Y. Mar. 25, 2019) ............... 19

*Ciero v. Walt Disney Co.*,
   No. CV 17-8544-GW, 2018 WL 11352373 (C.D. Cal. May 21, 2018) .................. 2

*City of Almaty v. Khrapunov*,
   956 F.3d 1129 (9th Cir. 2020) ................................................................... 2

Coach, Inc. v. Peters,
   386 F. Supp. 2d 495, 498-99 (S.D.N.Y. 2005) ....................................... 12

*Coach Servs., Inc. v. Cielo Creations, Inc.*,
No. CV 10-4108 GAF (Ex), 2011 WL 13217091 (C.D. Cal. Aug. 16, 2011) ................................................................................... 7

*Daniels v. Walt Disney Co.*,
958 F.3d 767 (9th Cir. 2020), *cert. denied*, 141 S.Ct. 1050 (2021) ........................ 6

*DuMond v. Reilly*,
No. CV 19-8922-GW-AGRx, 2021 WL 733311 (C.D. Cal. Jan. 14, 2021), ECF No. 41, *appeal dismissed*, No. 21-55156, 2021 WL 3730226 (9th Cir. June 25, 2021) ........................................................... 18

*Ets-Hokin v. Skyy Spirits, Inc.*,
225 F.3d 1068 (9th Cir. 2000) ..................................................................... 6

*Express, LLC v. Forever 21, Inc.*,
No. CV 09–4514 ODW, 2010 WL 3489308 (C.D. Cal. Sept. 2, 2010).................. 6

*Fahmy v. Jay-Z*,
908 F.3d 383 (9th Cir. 2018) ....................................................................... 4

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
499 U.S. 340 (1991) ............................................................................. 1, 3

*Fogerty v. Fantasy, Inc.*,
510 U.S. 517 (1994) ........................................................................... 20, 21

*Gable v. Nat'l Broad. Co.*,
No. CV 08-0413 SVW, 2010 WL 11506430 (C.D. Cal. Aug. 6, 2010) .......... 20, 21

*Garcia v. Google*, Inc.,
786 F.3d 733, 741-42 (9th Cir. 2015).......................................................... 13

*Gonzales v. Transfer Techs., Inc.*,
301 F.3d 608 (7th Cir. 2002) (Posner, J.)..................................................... 20

*Inhale, Inc. v. Starbuzz Tobacco, Inc.*,
755 F.3d 1038 (9th Cir. 2014) .................................................................... 20

*Inhale, Inc. v. Starbuzz Tobacco, Inc.*,
No. 2:11-cv-3838-ODW (FFM), 2017 WL 4163990 (C.D. Cal. May 8, 2017) ...................................................................................... 9, 21

*Jangle Vision LLC v. Alexander Wang Inc.*,
No. CV 21-9964-GW-Ex (C.D. Cal. June 3, 2022) ........................................ 18

*John Muller & Co. v. N.Y. Arrows Soccer Team, Inc.*,
   802 F.2d 989 (8th Cir. 1986) .................................................................. 11

*Kelley v. Chi. Park Dist.*,
   635 F.3d 290 (7th Cir. 2011) ................................................................... 9

*L.A. Printex Indus., Inc. v. Forever 21, Inc.*,
   No CV 09–3382 SVW, 2009 WL 10698834 (C.D. Cal. Oct. 27, 2009) ............... 10

*Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*,
   345 F.3d 1140 (9th Cir. 2003) ................................................................ 11

*Marascalco v. Fantasy, Inc.*,
   953 F.2d 469 (9th Cir. 1991) .................................................................. 13

*Mattel, Inc. v. MGA Entm't, Inc.*,
   705 F.3d 1108 (9th Cir. 2013) ................................................................ 20

*McDonald v. West*,
   138 F. Supp. 3d 448 (S.D.N.Y. 2015) ....................................................... 5

*Media.net Advert. FZ-LLC v. NetSeer, Inc.*,
   156 F. Supp. 3d 1052 (N.D. Cal. 2016) ..................................................... 13

*Mendiondo v. Ceintinela Hosp. Med. Ctr.*,
   521 F.3d 1097 (9th Cir. 2008) .................................................................. 2

*Monotype Corp. PLC v. Int'l Typeface Corp.*,
   43 F.3d 443 (9th Cir. 1994) ................................................................. 6, 21

*Newton v. Diamond*,
   204 F. Supp. 2d 1244 (C.D. Cal. 2002), *aff'd*, 349 F.3d 591 (9th Cir.
   2003), *opinion amended and superseded on denial of reh'g*, 388 F.3d
   1189 (9th Cir. 2004) .............................................................................. 3

*Perfect 10, Inc. v. CCBill LLC*,
   488 F.3d 1102 (9th Cir. 2007) ................................................................ 21

*Planesi v. Peters*,
   No. 04-16936, 2005 WL 1939885 (9th Cir. Aug. 15, 2005) ............................. 5

*Pretty in Plastic, Inc. v. Bunn*,
   793 F. App'x 593 (9th Cir. 2020) ............................................................ 18

*Punchbowl, Inc. v. AJ Press LLC*,
   No. 2:21-CV-03010 SVW MAR, 2021 WL 6882373 (C.D. Cal. June
   21, 2021) .......................................................................................................... 10

*Satava v. Lowry*,
   323 F.3d 805 (9th Cir. 2003) ...................................................................... 3, 11

*Scott v. Meyer*,
   No. CV 09–6076 ODW, 2010 WL 2569286 (C.D. Cal. June 21,
   2010) ................................................................................................................. 21

*Sega Enter. Ltd. v. Accolade, Inc.*,
   977 F.2d 1510 (9th Cir. 1992) ......................................................................... 5

*Shame On You Prods., Inc. v. Banks*,
   893 F.3d 661 (9th Cir. 2018) .......................................................................... 21

*Skidmore v. Led Zeppelin*,
   952 F.3d 1051 (9th Cir. 2020) ......................................................................... 4

*Speedway Motors, Inc. v. Perlmutter*,
   553 F. Supp.3d 703 (D. Neb. 2021) .............................................................. 16

*Threeline Imports, Inc. v. Vernikov*,
   No. 15 Civ. 2333 (AMD) (RML), 2016 WL 11472749 (E.D.N.Y.
   Oct. 28, 2016) ................................................................................................. 12

*Trenton v. Infinity Broad. Corp.*,
   865 F. Supp. 1416 (C.D. Cal. 1994) ................................................................ 5

*Tresóna Multimedia, LLC v. Burbank High School Vocal Music Ass'n*,
   953 F.3d 638 (9th Cir. 2020) ..................................................................... 19, 20

*Wall Data Inc. v. L.A. Cty. Sheriff's Dep't*,
   447 F.3d 769 (9th Cir. 2006) .......................................................................... 19

*William S. Geiger Corp. v. Gigi Accessories, Inc.*,
   49 U.S.P.Q.2d 1218 (S.D.N.Y. Aug. 11, 1997) ............................................. 9

*Yankee Candle Co. v. Bridgewater Candle Co., LLC*,
   259 F.3d 25 (1st Cir. 2001) .............................................................................. 9

*Yu Zhang v. Heineken N.V.*,
   No. CV 08-6506 GAF, 2010 WL 11596643 (C.D. Cal. Sept. 29,
   2010) ................................................................................................................... 7

**Statutes**

17 U.S.C. § 102(a) ............................................................................... 1, 3, 20

17 U.S.C. § 411(a) ...................................................................................... 4

17 U.S.C. § 505 ......................................................................................... 19

**Other Authorities**

37 C.F.R. § 202.1 ................................................................................... 5, 13

38 C.F.R. § 202.1(a) ................................................................................. 6, 7

Copyright Off., Compendium of U.S. Copyright Off. Practices §
    313.4(J) .............................................................................................. 8, 9

Copyright Off., Compendium of U.S. Copyright Off. Practices §
    503.02(a) (3d ed. 2021) ........................................................................ 6

Copyright Off., Compendium of U.S. Copyright Off. Practices § 901.1 .................... 8

Copyright Off., Compendium of U.S. Copyright Off. Practices § 905 ..................... 11

Copyright Off., Compendium of U.S. Copyright Off. Practices § 906.1 ................... 11

Federal Rule of Civil Procedure 12(b)(6) .................................................... 1, 2

Federal Rule of Civil Procedure 54(d)(2)(C) ................................................ 21

Federal Rules of Evidence 201 ................................................................ 10

House of Representatives Report No. 94-1476 (1976) ....................................... 7

Lakshmi, Definitions.net (Nov. 5, 2022)
    https://www.definitions.net/definition/star+of+lakshmi .......................... 9

Letter from U.S. Copyright Off. Review Bd. to ADT Sec. Servs. at 4
    (Correspondence ID 1-LYOBSL) (Apr. 21, 2016) ............................... 16

Letter from U.S. Copyright Off. Review Bd. to Andrea L. Calvaruso at 4
    (Correspondence ID: 1-42UMH5I; SR # 1-8313812653) (June 16,
    2021) ................................................................................ Appendix pg. 1

Letter from U.S. Copyright Off. Review Bd. to Charles J. Meyer at 6
    (Correspondence ID 1-1-3L2KEJI; SR# 1-7012397067, 7012396641,
    7012468241) (June 25, 2020)................................................................... 15

Letter from U.S. Copyright Off. Review Bd. to Deborah Shapiro at 5
    (Correspondence IDs: 1-2UDR428 and 1-2UF4TM3; SRs: 1-
    5049820731 and 1-5050305254) (May 16, 2019) ........................... Appendix pg. 3

Letter from U.S. Copyright Off. Review Bd. to Gerald E. McGlynn, III
    at 4 (Correspondence ID: 1-3PQLK5P; SR # 1-6596712093) (June
    23, 2020)........................................................................................... Appendix pg. 2

Letter from U.S. Copyright Off. Review Bd. to Gordon M. Wright at 3-4
    (Correspondence ID: 1-40YSIBX; SR # 1-7915124451) (June 16,
    2021)................................................................................................. Appendix pg. 2

Letter from U.S. Copyright Off. Review Bd. to John C. Cain at 4-5
    (Correspondence ID 1-4NN6VPM; SR# 1-8968610561) (Apr. 11,
    2022)................................................................................................................ 14

Letter from U.S. Copyright Off. Review Bd. to Tracy-Gene G. Durkin at
    4 (Correspondence ID 1-4570GV3; SR # 1-7440489181) (Dec. 28,
    2021)................................................................................................................ 14

Nimmer on Copyright § 12.10[B][2].......................................................................... 18

U.S. Const., art.1 § 8, cl. 8........................................................................................... 3

1   Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant adidas

2   America, Inc. ("adidas") submits this memorandum in support of its motion to

3   dismiss the Complaint of Plaintiff Oscar Tubio ("Plaintiff" or "Mr. Tubio").[1]

4   ## I.   **INTRODUCTION**

5   Copyright law protects "*original* works of authorship."  17 U.S.C. § 102(a)

6   (emphasis added).  Supreme Court authority confirms that originality is the *sine qua*

7   *non* of copyright, and explains that "originality" presupposes "at least some minimal

8   degree of creativity."  *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345

9   (1991) (denying copyright protection to alphabetical telephone directory).  Courts

10  have found repeatedly that when a work lacks creativity, it is incapable of protection

11  under the U.S. Copyright Act.

12  In this case, Plaintiff asserts copyright rights in a basic graphic – a logo for

13  the Argentine soccer team Boca Juniors - consisting of uncopyrightable preexisting

14  elements (the "CABJ Graphic," shown below):



18  Docket No. 2-2.  Plaintiff cannot exploit United States copyright law to protect the

19  CABJ Graphic. As noted above, the Copyright Act does not protect *all* pictorial

20  designs, no matter how simplistic or banal. Instead, the Copyright Act requires a

21  work to include a meaningful quotient of "originality," which means (1)

22  independent creation by the author and (2) creativity. The CABJ Graphic does not

23  clear this modest threshold.  The letters "CABJ" are not copyrightable (and, in any

24  event, did not originate with Mr. Tubio.)  The blue/yellow color scheme is not

25  copyrightable (and also did not originate with Mr. Tubio.)  The typography of the

26  letters is not copyrightable (and was not created by Mr. Tubio.)  And, the eight-

27

28  [1] Named Defendant adidas AG has not yet been served in this action and is not a party
to this motion.

pointed star simply comprises the overlay of two geometric shapes and is a common ancient religious symbol … and not original to Mr. Tubio. Plaintiff merely has taken uncopyrightable pre-existing elements and assembled them in an obvious, linear fashion.  Lastly, the trivial *combination* of these uncopyrightable elements cannot be subject to copyright, as both federal courts and the Copyright Review Board have routinely held.

For these reasons, and as explained in more detail below, Plaintiff's Complaint should be dismissed with prejudice, and the Court should award adidas its fees incurred in defending this objectively meritless claim. The Copyright Act simply does not offer protection for this kind of design, and dismissals implicating the core concerns of the Copyright Act call for the award of fees.

## II.   <u>STANDARD FOR MOTION TO DISMISS</u>

Under Federal Rule of Civil Procedure 12(b)(6), "[a] complaint may be dismissed for failure to state a claim for one of two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory." *Ciero v. Walt Disney Co.*, No. CV 17-8544-GW (MRWx), 2018 WL 11352373, at *2 (C.D. Cal. May 21, 2018) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Mendiondo v. Ceintinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) (noting dismissal is appropriate when "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory"). A complaint must contain enough facts to establish a "plausible" entitlement to relief that is more than merely speculative. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). But even when a complaint contains plausible factual allegations, the Court must "determine whether [the allegations] plausibly give rise to an entitlement to relief." *Id.* at 664. In other words, dismissal is appropriate when a "[plaintiff] can prove no set of facts in support of [its] claims which would entitle [it] to relief." *City of Almaty v. Khrapunov*, 956 F.3d 1129, 1131 (9th Cir. 2020) (alterations in original)(citation omitted).

## III. <u>PLAINTIFF'S COPYRIGHT CLAIM SHOULD BE DISMISSED WITH PREJUDICE FOR LACK OF ORIGINALITY</u>

To prevail on a claim for copyright infringement, Plaintiff must establish "(1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original." *Feist,* 499 U.S. at 361.  In keeping with copyright's Constitutional objective of promoting "the Progress of Science and useful Arts," U.S. Const., art.1 § 8, cl. 8, the originality requirement is fundamental to establishing copyright validity, because only "*original* works of authorship fixed in any tangible medium of expression" are entitled to the benefits of copyright protection.  17 U.S.C. § 102(a) (emphasis added).  *See Satava v. Lowry*, 323 F.3d 805, 810 (9th Cir. 2003) (quoting 17 U.S.C § 102(a)).  For a work to be original, it must (1) be "independently created by the author (as opposed to copied from other works)" and (2) possess "at least some minimal degree of creativity."  *Feist*, 499 U.S. at 345. (*Satava*, in reciting this standard, notes that the work must include more than "negligible" creativity.  *Satava*, 323 F.3d at 810.) "The protectability of elements of a copyrighted work is a question of law for the court." *Newton v. Diamond*, 204 F. Supp. 2d 1244, 1253 (C.D. Cal. 2002), *aff'd*, 349 F.3d 591 (9th Cir. 2003), *opinion amended and superseded on denial of reh'g*, 388 F.3d 1189 (9th Cir. 2004), *and aff'd*, 388 F.3d 1189 (9th Cir. 2004).

Plaintiff's copyright claim fails here because the CABJ Graphic is insufficiently creative to merit copyright protection.  Its component parts are wholly unoriginal to Mr. Tubio, and the assembly of those component parts is so trivial that it fails to imbue the work with the degree of creativity required to be protectable. Notably, Plaintiff asserts no registration of the CABJ Graphic with the United States Copyright Office, and, for the reasons explained below, adidas submits that Plaintiff indeed would be unable to obtain U.S. registration for his graphic. Under the Copyright Act, "no civil action for infringement of the copyright in any *United States work* shall be instituted until … registration of the copyright claim has been

made."  17 U.S.C. § 411(a) (emphasis added).  Owners of foreign works like the one at issue here, however, may sue in the United States without a registration.

Plaintiff's complaint references an Argentina copyright registration, but that claimed Argentine copyright is immaterial here. If the CABJ Graphic is insufficiently original under U.S. copyright law, Plaintiff cannot state a copyright-infringement claim in a U.S. court. *See Fahmy v. Jay-Z*, 908 F.3d 383, 391 (9th Cir. 2018) (noting the "[Berne] Convention guarantees only that holders of foreign copyrights are afforded 'the same protection' as holders of domestic copyrights") (citation omitted) (denying application of Egyptian moral rights to U.S. copyright dispute).  Accordingly, Plaintiff's copyright claim must be dismissed.

### A.  The CABJ Graphic Lacks the Creativity Necessary for Copyright Protection

The CABJ Graphic lacks sufficient creativity to merit copyright protection. That a work was independently created is not sufficient for copyright protection to attach—a work must also clear a minimum threshold level of creativity. *See Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1071 (9th Cir. 2020) ("[O]riginality requires at least 'minimal' or 'slight' creativity—a 'modicum' of 'creative spark'— in addition to independent creation.")(citation omitted). Plaintiff's asserted graphic fails this test.

The component elements of the CABJ Graphic are unprotectable (and, indeed, were not even independently created by Mr. Tubio).  First, the letters CABJ merely constitute an unprotectable acronym, one commonly used to refer to the Boca Juniors team.  Second, the blue/yellow color scheme is simply a basic and common color combination, and, like the letters CABJ, have served to identify the Boca Juniors team for decades.  Third, the typeface used within the design is not subject to copyright protection, and, like the letters and color scheme, predated Mr. Tubio's design.  Fourth, the eight-sided star results from the simple overlay of two "square" shapes atop one another, and, beyond that, is a common historical symbol;

relevant authority makes clear that this is not copyrightable.  Lastly, even when these elements are combined, Plaintiff's creative contribution is insufficient for copyright protection.

### 1. The Letters C-A-B-J Are an Unprotectable Acronym

The letters C-A-B-J that appear in the CABJ Graphic are not protectable under the law of copyright, which prohibits copyright protection in "words and short phrases." *See* Rules of the Copyright Office, 37 C.F.R. § 202.1 (including among "examples of works not subject to copyright" "[w]ords and short phrases such as names, titles, and slogans"). Courts in the Ninth Circuit have applied this rule in an array of decisions. *See Apps v. Universal Music Grp.*, 763 F. App'x 599, 600 (9th Cir. 2019) (refusing protection to phrase "I need to know now"); *Planesi v. Peters*, No. 04-16936, 2005 WL 1939885, at *1 (9th Cir. Aug. 15, 2005) (affirming dismissal of copyright-infringement claim based on "one word name of [Plaintiff's] board game"); *Sega Enter. Ltd. v. Accolade, Inc.*, 977 F.2d 1510, 1524 n.7 (9th Cir. 1992) (noting "20 bytes of initialization code plus the letters S-E-G-A . . . is of such de minimis length that it is probably unprotected under the words and short phrases doctrine"). Other courts have followed this rule in refusing to recognize copyright protection in words and short phrases. *See, e.g.*, *McDonald v. West*, 138 F. Supp. 3d 448, 454 (S.D.N.Y. 2015) (holding "short phrases, including titles and slogans, rarely if ever exhibit sufficient originality to warrant copyright protection"); *Trenton v. Infinity Broad. Corp.*, 865 F. Supp. 1416, 1426–27 (C.D. Cal. 1994) (denying copyright protection to word "Loveline," the title of a radio show).

Regardless, the letters C-A-B-J were not independently created by Plaintiff. They have served for decades as a commonly-used abbreviation for Club Atlético Boca Juniors, a fact Plaintiff alleges in his Complaint. *See* Docket No. 2 ¶ 12 (alleging that the team used the initials "CABJ" as part of a prior design); *see also* Historia, Club Atlético Boca Juniors, https://www.bocajuniors.com.ar/el-club/historia?lang=en. Accordingly, the acronym affords the CABJ Graphic no

1  copyright protection.

2  ## 2. The Blue-and-Yellow Colors Are Not Copyrightable

3       The blue-and-yellow coloration of the CABJ Graphic is not protectable and

4  should be subtracted from the Court's analysis of the graphic's creativity. The

5  Copyright Act and relevant authorities ordinarily prohibit copyright protection for

6  colors standing alone. *See* 38 C.F.R. § 202.1(a) (listing among "works not subject to

7  copyright . . . mere variations of . . . coloring"). The Ninth Circuit has held that

8  "colors themselves are not generally copyrightable." *Daniels v. Walt Disney Co.*,

9  958 F.3d 767, 772 (9th Cir. 2020), *cert. denied*, 141 S.Ct. 1050 (2021); *see also*

10  *Express, LLC v. Forever 21, Inc.*, No. CV 09–4514 ODW (VBKx), 2010 WL

11  3489308, at *6 (C.D. Cal. Sept. 2, 2010) (citing U.S. Copyright Off., Compendium

12  of U.S. Copyright Off. Practices § 503.02(a) (3d ed. 2021) for the proposition that

13  "mere coloration cannot support a copyright even though it may enhance the

14  aesthetic appeal or commercial value of a work"); *cf. Ets-Hokin v. Skyy Spirits, Inc.*,

15  225 F.3d 1068, 1079–80 (9th Cir. 2000) (rejecting the argument that a vodka

16  bottle's "blue color, gold label, etc." merit copyright protection; even if trade dress

17  covered those colors, "that protection [wa]s irrelevant to deciding whether the bottle

18  is a preexisting work under the Copyright Act").

19       In any case, the colors of Plaintiff's design—blue on a yellow field—are the

20  colors of the Boca Juniors club. *See* Docket No. 2-1 (depicting Diego Maradona in

21  blue-and-yellow Boca Juniors uniform); Boca Juniors, *Wikipedia* (October 25,

22  2022), https://en.wikipedia.org/wiki/Boca_Juniors#Kit_and_badge. Thus, Plaintiff

23  did not independently create the blue-and-yellow color scheme and may not avail

24  himself of copyright protection in it.

25  ## 3. The Typeface in the CABJ Graphic Is Not Copyrightable

26       Plaintiff cannot obtain copyright protection in the CABJ Graphic by virtue of

27  its typeface. The Ninth Circuit has observed in a published decision that "typefaces

28  are not afforded copyright protection." *Monotype Corp. PLC v. Int'l Typeface Corp.*,

1   43 F.3d 443, 446 (9th Cir. 1994); *see also Coach Servs., Inc. v. Cielo Creations,*

2   *Inc.*, No. CV 10-4108 GAF (Ex), 2011 WL 13217091, at *11 (C.D. Cal. Aug. 16,

3   2011) (noting that "letters of the alphabet, along with their varying font designs, fall

4   into the public domain"); *Yu Zhang v. Heineken N.V.*, No. CV 08-6506 GAF (RCx),

5   2010 WL 11596643, at *5 (C.D. Cal. Sept. 29, 2010) (holding calligraphy lacked

6   "the minimal amount of originality" because "Chinese words, like English words,

7   do not receive copyright protection simply because they are designed more

8   ornately"). Congress excluded typefaces from the Copyright Act. *See* H.R. Rep. No.

9   94-1476 at 55-56 (1976) ("The Committee does not regard the design of typeface …

10  to be a copyrightable 'pictorial, graphic, or sculptural work[.]'"); *see also* 37 C.F.R.

11  § 202.1(a) (listing among "works not subject to copyright" "mere variations of

12  typographic ornamentation, lettering or coloring"). Accordingly, the blue font inside

13  the yellow stars in the CABJ Graphic cannot draw copyright protection.

14          In any case, the CABJ Graphic's typeface was derived from a prior version of

15  the Boca Juniors' crest:



1970

23  *See* El club–Badge, Club Atlético Boca Juniors, https://www.bocajuniors.com.ar/el-

24  club/escudo?lang=en. Thus, Plaintiff did not independently create the typeface for

25  the CABJ Design, which accordingly does not merit copyright protection.

26          **4.  The Common Geometric Shapes and Symbols in the CABJ**

27              **Graphic Are Not Copyrightable**

28          As with all the other component elements discussed above, the CABJ Graphic

cannot derive copyright protection by virtue of its use of eight-pointed yellow stars. In the first place, Plaintiff concedes in his Complaint that the Boca Juniors' club crest incorporated a star motif before he ever assembled the CABJ Graphic, so the CABJ Graphic's stars were not Plaintiff's independent creation. Complaint ¶ 12.

But regardless, copyright does not protect the ordinary geometric shapes that form the basis of the eight pointed star.  A brief examination of this figure makes clear that it is simply the product of overlaying two simple squares atop one another, with one of the squares rotated at an angle:



As the U.S. Copyright Office's Compendium of Copyright Office Practices makes clear, "The Copyright Act does not protect common geometric shapes …." . Compendium (Third) § 901.1.[2]  Further, "[T]he Office cannot register a work consisting of a simple combination of a few familiar symbols or designs …." *Id.* at § 313.4(J).  The formation of a star figure by offsetting two ordinary squares cannot result in a copyrightable work.

_____

[2] The Copyright Compendium is a manual published by the U.S. Copyright Office that "provides instruction to agency staff regarding their duties and provides expert guidance to copyright applicants, practitioners, scholars, the courts, and members of the general public regarding institutional practices and related principles of law." Compendium (Third), intro. The Ninth Circuit has held the interpretations of the Copyright Act in the Compendium to be "reasonable and consistent" and therefore "entitled to deference." *Batjac Prods. Inc. v. GoodTimes Home Video Corp.*, 160 F.3d 1223, 1231 (9th Cir. 1998).

On these grounds, a judge in this district dismissed the case of a hookah-pipe designer; even though the pipe combined "two or three [] common geometric shapes . . . the components of the water container [we]re simply not works of art in even the broadest, most liberal sense." *Inhale, Inc. v. Starbuzz Tobacco, Inc.*, No. 2:11-cv-3838-ODW (FFM), 2017 WL 4163990, at *3 (C.D. Cal. May 8, 2017) ("[D]espite Inhale's flowery language describing the features, they [we]re essentially geometric shapes of the most common type."). Out-of-circuit courts agree that grafting common geometric shapes onto one another does not earn copyright protection. *See Yankee Candle Co. v. Bridgewater Candle Co., LLC*, 259 F.3d 25, 35 (1st Cir. 2001) ("This collection of common geometric shapes with a particular photographic technique is not sufficiently original to qualify for copyright protection."); *see also Kelley v. Chi. Park Dist.*, 635 F.3d 290, 303 (7th Cir. 2011) ("It is true that common geometric shapes cannot be copyrighted."); *William S. Geiger Corp. v. Gigi Accessories, Inc.*, 49 U.S.P.Q.2d 1218, 1219 (S.D.N.Y. Aug. 11, 1997) (holding "plaintiff has no right to copyright a rose or a common geometrical shape").

Moreover, copyright does not protect "familiar religious symbols" and other "[w]ell-known and commonly used symbols that contain a *de minimis* amount of expression." Compendium (Third) § 313.4(J). The eight-pointed star is a common symbol with roots in Hinduism, according to online sources. *See* STANDS4 LLC, star of Lakshmi, Definitions.net (Nov. 5, 2022) https://www.definitions.net/definition/star+of+lakshmi and Eric W. Weisstein, Star of Lakshmi, Mich. St. Univ. (May 26, 1999) https://archive.lib.msu.edu/crcmath/math/math/s/s686.htm. Even the briefest of Google Image searches on the term "eight pointed star" turns up a litany of figures highly similar to Plaintiff's CABJ stars.[3]

---

[3] adidas requests the Court take judicial notice of the fact that eight-pointed stars are commonly used religious symbols as a fact "not subject to reasonable

In short, there is insufficient artistry in the star component of the CABJ Graphic to merit protection.

### 5. Neither Repeating Elements Nor Combining Uncopyrightable Typeface and Uncopyrightable Shapes Yields Copyright Protection

Up to this point, this brief has examined the unprotectability of the individual elements composing the CABJ Graphic.  Plaintiff's final potential argument for protectability here would be that he has created a copyrightable work by virtue of his repetition of the "star" element and/or his combination of letters and shapes. Multiple court decisions and Copyright Review Board holdings make clear that this argument must fail.

To the extent Mr. Tubio asserts a copyright in the repetition of the stars, this proposition is refuted by the Compendium; indeed, this mere repetition is – quite literally – a textbook example of what is *not* protectable. The Copyright Compendium addresses a closely analogous hypothetical and instructs that a similar design to the CABJ Configuration would not be copyrightable:



The registration specialist will refuse to register this claim because

dispute" within the meaning of Fed. R. Evid. 201. *See L.A. Printex Indus., Inc. v. Forever 21, Inc.*, No CV 09–3382 SVW (CWx), 2009 WL 10698834, at *6 (C.D. Cal. Oct. 27, 2009) (taking judicial notice "that the anchor symbol has existed in the public domain for some time" as a fact "generally known and is not subject to reasonable dispute"). In the alternative, the Court may convert this motion to one for summary judgment to consider the same fact. *Punchbowl, Inc. v. AJ Press LLC*, No. 2:21-CV-03010 SVW MAR, 2021 WL 6882373, at *1 (C.D. Cal. June 21, 2021).

1    simple geometric symbols are not eligible for copyright protection,

2    and the combination of the purple rectangle and the standard

3    symmetrical arrangement of the white circles does not contain a

4    sufficient amount of creative expression to warrant registration.

5    Compendium (Third) § 906.1.

6        Moreover, the CABJ Graphic does not earn copyright protection by

7    combining an unprotectable typeface with unprotectable geometric shapes. "[A]

8    combination of unprotectable elements is eligible for copyright protection *only if*

9    those elements are numerous enough and their selection and arrangement original

10   enough that their combination constitutes an original work of authorship." *Satava*,

11   323 F.3d at 811 (emphasis added); *see also Lamps Plus, Inc. v. Seattle Lighting*

12   *Fixture Co.*, 345 F.3d 1140, 1147 (9th Cir. 2003) (holding the "mechanical

13   combination of four preexisting ceiling-lamp elements with a preexisting table-lamp

14   base did not result in the expression of an original work of authorship as required by

15   [the Copyright Act]"); *John Muller & Co. v. N.Y. Arrows Soccer Team, Inc.*, 802

16   F.2d 989, 990 (8th Cir. 1986) (affirming Copyright Register's refusal to register for

17   lack of creativity a logo consisting of four angled lines forming an arrow with the

18   word "Arrows" in cursive script below) (see below image):

19

20

21   

22

23

24                          APPENDIX A

25        Courts and the Copyright Review Board routinely refuse to recognize

26   copyright protection in simplistic combinations of letters and shapes like Plaintiff's

27   CABJ Graphic. *See* Compendium (Third) § 905 ("In all cases, a visual art work

28   must contain a sufficient amount of creative expression. Merely bringing together

only a few standard forms or shapes with minor linear or special variations does not satisfy this requirement."). For example, in *Coach, Inc. v. Peters*, the Southern District of New York deferred to the decision of the Copyright Register that the "C" arrangement on Coach designer bags was insufficiently original to merit copyright protection:



386 F. Supp. 2d 495, 498–99 (S.D.N.Y. 2005) (agreeing that "the elements embodied in this work, individually, *and in their particular combination and arrangement,* simply do not contain sufficient amount of original and creative authorship to be copyrightable") (alteration in original) (citations omitted). Citing *Coach*, the Eastern District of New York held that "the combination of unprotectable elements in … cod liver packaging is not eligible for copyright protection":



*Threeline Imports, Inc. v. Vernikov*, No. 15 Civ. 2333 (AMD) (RML), 2016 WL 11472749, at *13 (E.D.N.Y. Oct. 28, 2016) (granting motion for summary judgment to dismiss claim based on this design); *see also Aldar Tobacco Grp., LLC v. Am. Cigarette Co.*, No. 08-62018-CIV-JORDAN, 2010 WL 11549585, at *3 (S.D. Fla.

Mar. 24, 2010) (rejecting effort to enforce cigarette box design incorporating stylized V in part because "'mere variations of typographic ornamentation, lettering, or coloring' are not subject to copyright" (quoting 37 C.F.R. § 202.1)).

Likewise, the Copyright Review Board has rejected a host of applications to register simplistic letter-and-shape designs on the grounds that those designs were insufficiently original to merit copyright protection. The Copyright Review Board is an administrative tribunal, operating under the auspices of the Copyright Office, that hears appeals from denials of copyright registration. The Ninth Circuit and its district courts have often deferred to the Copyright Office's determinations and used its decisions for guidance. *See Garcia v. Google*, Inc., 786 F.3d 733, 741–42 (9th Cir. 2015) ("The Copyright Office's well-reasoned position 'reflects a body of experience and informed judgment to which courts and litigants may properly resort for guidance.'") (citations omitted); *Marascalco v. Fantasy, Inc.*, 953 F.2d 469, 473 (9th Cir. 1991) ("We agree with the D.C. Circuit that the Register has the authority to interpret the copyright laws and that its interpretations are entitled to judicial deference if reasonable.") (citing *Cablevision Sys. Dev. Co. v. Motion Picture Ass'n of Am.*, Inc., 836 F.2d 599, 607–10 (D.C. Cir. 1988)); *Media.net Advert. FZ-LLC v. NetSeer, Inc.*, 156 F. Supp. 3d 1052, 1061 (N.D. Cal. 2016) (holding the court may "adopt[] the Copyright Office's interpretations of copyright law where it finds them reasonable and persuasive"). The Board has often rejected as inadequately creative designs highly similar to Plaintiff's:

| Design | Citation | Grounds |
|---|---|---|
|  | Letter from U.S. Copyright Off. Review Bd. to Tracy-Gene G. Durkin at 4 (Correspondence ID 1-4570GV3; SR # 1-7440489181*)* (Dec. 28, 2021) https://copyright.gov/rulings-filings/review-board/docs/words-with-friends-2-tiles.pdf (regarding Second Request for Reconsideration for Refusal to Register Words With Friends 2 Tiles) | "[T]he 'W' and number four constitute mere lettering, which is unprotectable, and the reflective element is a standard design element. Their combination does not elevate the Argyle Tiles above the threshold for creativity because this is a stock arrangement relatively typical for game tiles. Additionally, argyle patterns are a common design motif, originating with a Scottish clan tartan dating back to at least the 17th century. . . . And because each tile overlays a single color on its argyle pattern and the letter and number on the tile, the coloring of each tile amounts to '[m]erely adding or changing' one color in the work." (footnote omitted) (citation omitted). |
|  | Letter from U.S. Copyright Off. Review Bd. to | "[T]he letters are arranged in two lines of five logos per line, which constitutes a 'mere |

| Design | Citation | Grounds |
|---|---|---|
| | John C. Cain at 4-5 (Correspondence ID 1-4NN6VPM; SR# 1-8968610561) (Apr. 11, 2022) https://www.copyright.gov/rulings-filings/review-board/docs/2019-ni-logo-variants.pdf (regarding Second Request for Reconsideration for Refusal to Register 2019 NI Logo Variants) | simplistic arrangement' that evidences insufficient creativity. The combination and arrangement in the Work are too standard to constitute an original work of authorship. The addition of a square or rectangle surrounding the letters in each bottom square of the grid as well as the top right square of the grid does not alter the fact that the combination and arrangement of these elements are 'commonplace.'" (internal citations and citations omitted) |
|  | Letter from U.S. Copyright Off. Review Bd. to Charles J. Meyer at 6 (Correspondence | "Looking at each Work as a whole, only two solid colors are used, and there is no shading or gradient use of the colors. Although the purple band within the yellow circle is stylized and |

| Design | Citation | Grounds |
|---|---|---|
|  | ID 1-1-3L2KEJI; SR# 1-7012397067, 7012396641, 7012468241) (June 25, 2020)[4] https://www.copyright.gov/rulings-filings/review-board/docs/speedway-motors.pdf (regarding Second Request for Reconsideration for Refusal to Register S Logo) | has different widths, it is still essentially a circle band within a larger circle that follows the outline of the larger circle. Placing a business name on top of a geometric shape is a 'garden-variety' logo configuration that is not entitled to copyright protection." (citation omitted) |
|  | Letter from U.S. Copyright Off. Review Bd. to ADT Sec. Servs. at 4 (Correspondence ID 1-LYOBSL) | "[V]iewed as a whole, the selection, coordination, and arrangement of the shapes, colors and letters that comprise the Work are not sufficient to render the Work original. The Work consists of little more than |

---

[4] This ruling was upheld by the District of Nebraska in *Speedway Motors, Inc. v. Perlmutter*, 553 F. Supp.3d 703 (D. Neb. 2021) (granting Register of Copyrights' motion for summary judgment on originality issue).

| Design | Citation | Grounds |
|---|---|---|
| | (Apr. 21, 2016) https://copyright.gov/rulings-filings/review-board/docs/octagon-adt-monogram.pdf (regarding Second Request for Reconsideration for Refusal to Register Octagon with ADT Monogram) | an ordinary blue octagon with a white border and a rectangle containing the letters 'ADT' printed at its center." |

There are many more such examples. *See* Appendix A, attached hereto (listing additional recent Copyright Review Board decisions rejecting applications to register letter-and-shape designs like the CABJ Graphic). Put simply, the Copyright Review Board routinely rejects applications to register simplistic shape-and-letter combinations for lack of originality.

The CABJ Graphic is no different. It is, in fact, *less* creative than many of the designs that federal courts and the Copyright Review Board have refused to grant copyright protection for lack of originality. Plaintiff simply stamped blue letters on a yellow shape four times. Even the fourfold repetition of the stars was driven by necessity; there are *four* letters in the abbreviated form of the Boca Juniors' name.

In sum, the CABJ Graphic merits no copyright protection by the simple

combination of unprotectable elements. Each component of the CABJ Graphic is either lifted from the Boca Juniors' team heraldry, and therefore unoriginal, or unprotectable as a matter of copyright law. And the design merely combines unprotectable elements in a trivial way.

Plaintiff's Complaint should be dismissed with prejudice because he can add no facts to salvage his claim. The CABJ Graphic is not sufficiently original to draw protection from the Copyright Act, and no new facts could change that. *See Pretty in Plastic, Inc. v. Bunn*, 793 F. App'x 593, 594 (9th Cir. 2020) (affirming this Court's dismissal of plaintiff's copyright infringement claim, *inter alia*, on grounds that its alleged unicorn depiction did not contain "the quantum of originality needed to merit copyright protection.").  This Court has observed that copyright cases are ripe for dismissal in similar circumstances. *See* Final Ruling on Defendants Alexander Wang Incorporated and Alexander Wang's Motion to Dismiss Plaintiff's Corrected First Amended Complaint for Failure to State a Claim at 1-2, *Jangle Vision LLC v. Alexander Wang Inc.*, No. CV 21-9964-GW-Ex (C.D. Cal. June 3, 2022), ECF No. 43 (holding that "a motion to dismiss a copyright infringement claim pursuant to Fed. R. Civ. P. 12(b)(6) can be entertained and, in the appropriate situation, granted" and dismissing copyright claim at the motion-to-dismiss stage); *DuMond v. Reilly*, No. CV 19-8922-GW-AGRx, 2021 WL 733311, at *5 (C.D. Cal. Jan. 14, 2021), ECF No. 41 (dismissing copyright claim at the motion-to-dismiss stage: "[i]n short, there is no question that Rule 12(b)(6)-based dismissals of copyright infringement claims may be had in the appropriate circumstances"), *appeal dismissed*, No. 21-55156, 2021 WL 3730226 (9th Cir. June 25, 2021); *see also* Nimmer on Copyright § 12.10[B][2] (noting that "authority . . . supports the view that to the extent that the defendant challenges the *quantum* of plaintiff's originality or creativity as a matter of law . . . these matters should be resolved solely by the judge").

### B.    Plaintiff's Secondary-Liability Copyright Claim Fails With the Underlying Claim

Plaintiff pleads secondary-liability copyright theories in Count II of his Complaint. Docket No. 2 ¶¶ 30–36. These fail with the underlying claim for lack of an original work that merits copyright protection. *A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1019-22 (9th Cir. 2001) (holding that vicarious copyright infringement and contributory copyright infringement claims require direct copyright infringement); *Carrel v. Origami Owl, LLC*, No. 18 Civ. 694 (NRB), 2019 WL 1330941, at *4 (S.D.N.Y. Mar. 25, 2019) (holding when "claim for copyright infringement fails, [plaintiff's] proposed claim for contributory infringement would necessarily fail as well"). Accordingly, if the Court dismisses Plaintiff's underlying copyright claim (Count I), it should dismiss his secondary-liability claim as well (Count II).

### IV.    THE COURT SHOULD AWARD ADIDAS FEES INCURRED DEFENDING A MERITLESS CLAIM

The Court should award adidas its costs and attorneys' fees under the Copyright Act for bringing this motion. *See* 17 U.S.C. § 505 ("[T]he court in its discretion may allow the recovery of full costs . . . , [and] the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."). "The touchstone of the decision to award attorneys' fees is whether the successful defense, and the circumstances surrounding it, further the Copyright Act's 'essential goals.'" *Tresóna Multimedia, LLC v. Burbank High School Vocal Music Ass'n*, 953 F.3d 638, 652–53 (9th Cir. 2020) (citation omitted) (awarding fees to prevailing defendants). To determine whether fees are appropriate, courts "may consider . . . five factors": "(1) the degree of success obtained, (2) frivolousness, (3) motivation, (4) [objective] reasonableness of [the] losing party's legal and factual arguments, and (5) the need to advance considerations of compensation and deterrence." *Id.* at 653 (alterations in original) (citing *Wall Data Inc. v. L.A. Cty. Sheriff's Dep't*, 447

1  F.3d 769, 787 (9th Cir. 2006)). "Substantial weight should be accorded to the fourth
2  factor." *Id.* "A successful defense furthers the purposes of the Copyright Act just as
3  much as a successful infringement suit does." *Inhale, Inc. v. Starbuzz Tobacco, Inc.*,
4  755 F.3d 1038, 1043 (9th Cir. 2014); *see also Gable v. Nat'l Broad. Co.*, No. CV
5  08-0413 SVW (FFMX), 2010 WL 11506430, at *5 (C.D. Cal. Aug. 6, 2010) ("A fee
6  award also helps to prevent the filing of similarly meritless copyright actions by
7  would-be plaintiffs who may hope to extract a quick settlement from successful
8  authors and producers through the threat of protracted litigation."). Courts have
9  accordingly held that in copyright cases "[t]he grant of fees and costs is the rule
10  rather than the exception and [they] should be awarded routinely." *Bridgeport*
11  *Music, Inc. v. WB Music Corp.*, 520 F.3d 588, 592 (6th Cir. 2008) (second alteration
12  in original) (citation omitted).

13  Here, awarding adidas costs and fees would vindicate an "essential goal" of
14  the Copyright Act: the requirement that a work be sufficiently original for copyright
15  protection. *See* 17 U.S.C. § 102(a); *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 524
16  (1994) ("The primary objective of the Copyright Act is to encourage the production
17  of *original* literary, artistic, and musical expression for the good of the public.")
18  (emphasis added)); *Mattel, Inc. v. MGA Entm't, Inc.*, 705 F.3d 1108, 1111 (9th Cir.
19  2013) (noting that the objectives of the Copyright Act are "furthered when
20  defendants advance a variety of meritorious copyright defenses") (citation omitted).
21  "Because copyright law ultimately serves the purpose of enriching the general
22  public through access to creative works, it is peculiarly important that the
23  boundaries of copyright law be demarcated as clearly as possible." *Fogerty*, 510
24  U.S. at 527; *see also Gonzales v. Transfer Techs., Inc.*, 301 F.3d 608, 609 (7th Cir.
25  2002) (Posner, J.) ("[A] successful defense enlarges the public domain, an important
26  resource for creators of expressive works.").

27  A fee award is particularly appropriate here because Plaintiff's claim is
28  objectively unreasonable based on the black-letter lack of copyright protection for

words, typefaces, and common geometric shapes, and the simplistic combination thereof. *Monotype Corp.*, 43 F.3d at 446; *Inhale, Inc.*, 2017 WL 4163990, at *3. Further, Plaintiff's effort to copyright the design elements of prior Boca Juniors works subverts the "objective" of "encourag[ing] the production of *original . . .* expression." *Fogerty*, 510 U.S. at 524 (emphasis added); *Gable*, 2010 WL 11506430, at *5 (emphasis added) (awarding fees when a plaintiff's claim was contrary to "well-settled copyright principles").

Dismissal of Plaintiff's copyright claim would be a "complete success" on that claim for adidas. *See Shame On You Prods., Inc. v. Banks*, 893 F.3d 661, 667 (9th Cir. 2018) (holding that dismissal was a complete success for the defendant and noting that "'successful defense of the action furthers the purposes of the Copyright Act'") (quoting *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1120 (9th Cir. 2007)). And dismissal would help to deter other objectively meritless copyright cases like this one. *See Scott v. Meyer*, No. CV 09–6076 ODW (RZx), 2010 WL 2569286, at *3 (C.D. Cal. June 21, 2010) ("Deterring non-meritorious lawsuits against defendants seen as having 'deep pockets' and compensating parties that must defend themselves against meritless claims are both laudable ends.").

The Court should, accordingly, award adidas its costs and fees. Under Rule 54(d)(2)(C), adidas requests that the Court first decide Plaintiff's liability for fees, then receive adidas's "submissions on the value of services." *Id.*

## V.   CONCLUSION

For the foregoing reasons, adidas respectfully requests that the Court dismiss with prejudice Plaintiff Oscar Tubio's Complaint in its entirety and award adidas its attorneys' fees incurred in drafting this Motion, a Reply, and attending a hearing.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED:  November 7, 2022

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By:    */s/Kollin J. Zimmermann*
KOLLIN J. ZIMMERMANN
R. CHARLES HENN, JR. (*pro hac vice*)
JAMES A. TRIGG (*pro hac vice*)

Attorneys for Defendants
ADIDAS AMERICA, INC.