# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 22-6424-GW-PVCx | Date | December 6, 2022 |
|---|---|---|---|
| Title | *Oscar Tubio v. Adidas America, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | None Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:**  IN CHAMBERS - TENTATIVE RULING ON DEFENDANT ADIDAS AMERICA, INC.'S MOTION TO DISMISS AND FOR COSTS AND FEES [19]

Attached hereto is the Court's Tentative Ruling on Defendant's Motion to Dismiss [19], presently set for December 8, 2022 at 8:30 a.m.

: 

Initials of Preparer   JG

*Tubio v. Adidas Am., Inc., et al.*, Case No. 2:22-cv-6424-GW-(PVCx)
Tentative Ruling on Motion to Dismiss and For Fees

I. **Background**

Oscar Tubio ("Plaintiff") filed this action for copyright infringement and vicarious and/or contributory copyright infringement on September 8, 2022. *See* Docket No. 2. The action involves a jersey Plaintiff composed/created for the 1981 version of the Argentinian football/soccer team Boca Juniors, incorporating four eight-pointed stars with the initials "CABJ" ("the Boca Stars") – referring, according to the motion on-file at least, to "Club Atlético Boca Juniors." *See* Complaint, ¶ 12. At the time, soccer legend Diego Maradona ("Maradona") played for Boca Juniors, which garnered a great deal of success that season, earning the team (and its jersey) a great deal of attention and status. *See id.* ¶ 11.

Maradona died on November 25, 2020, sparking renewed interest in Boca Juniors' jersey from 1981. *See id.* ¶ 14. Capitalizing on this interest, defendants Adidas America, Inc. ("Adidas America") and Adidas AG produced and sold replicas of the jersey, along with a variety of other sporting apparel incorporating the Boca Stars. *See id.* ¶¶ 14, 17.

Plaintiff owns the common law copyright to the jersey and the Boca Stars incorporated into the jersey, and also received copyright registration for the Boca Stars in Argentina on or about December 17, 2021. *See id.* ¶¶ 12-13. There is no allegation of any copyright registration in the United States. Adidas America now moves to dismiss, arguing that Plaintiff cannot plead or demonstrate sufficient originality to warrant copyright protection.

II. **Applicable Procedural Standard**

Under Rule 12(b)(6), a court must: (1) construe a complaint in the light most favorable to the plaintiff, and (2) accept all well-pleaded factual allegations as true, as well as all reasonable inferences to be drawn from them. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001); *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

1

561-63 (2007) (dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief).

In its consideration of the motion, the Court is generally limited to the allegations on the face of the complaint (including documents attached thereto), matters which are properly judicially noticeable and "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading."  See *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruling on other grounds recognized in Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).  Nonetheless, "while a court must generally refrain from considering extrinsic evidence in deciding a 12(b)(6) motion, it may [also] consider documents on which the complaint '*necessarily relies*' and whose 'authenticity . . . is not contested.'"  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1141 n.5 (9th Cir. 2003) (emphasis added); *see Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) ("A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion."); *see also Steinle v. City & Cty. of S.F.*, 919 F.3d 1154, 1162-63 (9th Cir. 2019); *Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1042 (9th Cir. 2015) ("'[W]e may consider materials incorporated into the complaint . . . .'") (quoting *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)).

### III. Analysis

Extended analysis of the issues raised in Adidas America's motion is unnecessary. Adidas America has *not* argued that Plaintiff's allegations on the challenged element are insufficiently *factual* under *Twombly* and/or *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Instead, it argues that Plaintiff simply cannot demonstrate (or allege) that his creation is sufficiently original.

To prevail on its copyright infringement claim, Plaintiff "must demonstrate '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Benay v. Warner Bros. Entm't, Inc.*, 607 F.3d 620, 624 (9th Cir. 2010) (quoting *Funky Films, Inc. v. Time Warner Entm't Co.*, 462 F.3d 1072, 1076 (9th Cir. 2006)

2

and *Feist Pubs., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)), *overruled on other grounds by Skidmore as Trustee for Randy Craig Wolfe Trust v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020) (*en banc*).  Plaintiff has clearly alleged as much (or at least, as just noted, Adidas America has not argued otherwise).  See Complaint ¶¶ 12-13, 17, 19. Nevertheless, as noted, Adidas America believes Plaintiff cannot satisfy copyright's originality requirement.

In 1991, the Supreme Court decided *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340 (1991), having reviewed an appeal from a district court's underlying ruling granting summary judgment in favor of the plaintiff in the action.  See *id.* at 344.  In the course of explaining its ruling in the case (which dealt, specifically, with "the extent of copyright protection available to telephone directory white pages," *id.* at 342), the Supreme Court wrote as follows:

> The *sine qua non* of copyright is originality.  To qualify for copyright protection, a work must be original to the author.  Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity.  To be sure, the requisite level of creativity is extremely low; even a slight amount will suffice.  The vast majority of works make the grade quite easily, as they possess some creative spark, "no matter how crude, humble or obvious" it might be.  Originality does not signify novelty; a work may be original even though it closely resembles other works so long as the similarity is fortuitous, not the result of copying.

*Id.* at 345 (internal citations omitted); *see also Swirsky v. Carey*, 376 F.3d 841, 851 (9th Cir. 2004) ("All that is needed to satisfy originality is for the author to contribute something more than a merely trivial variation.") (internal quotation marks omitted); *N. Coast Indus. v. Jason Maxwell, Inc.*, 972 F.2d 1031, 1033 (9th Cir. 1992) ("[O]riginality is the indispensable prerequisite for copyrightability.").  Notwithstanding having just quoted this passage at-length, it bears repeating that all Plaintiff has to ultimately demonstrate on this issue is "some minimal degree of creativity," "some creative spark," an "extremely low" level requiring only a "slight amount." *Id.*

Adidas America believes it has a strong case that each of the *individual* elements of Plaintiff's creation – letters, colors, typeface, shape(s) – lack originality and that Plaintiff likewise cannot demonstrate originality in simply combining those un-original (in Adidas America's view, at least) elements into an overall, combined, design.  Whether Adidas

3

America will ultimately prevail upon this argument at a merits-stage, the Court does not believe that it can resolve the issue in the context of a Rule 12(b)(6) motion.[1]

Unlike the situation where a court is conducting a *substantial similarity* copyright analysis in a Rule 12(b)(6) context, where originality/creativity is/are at issue, the Court cannot be sure that it has all information relevant to that question properly in front of it (and discovery, at least in any meaningful sense, has not been undertaken). In the substantial similarity setting,[2] a court may, under appropriate circumstances, have confidence that it has all information relevant to the determination at issue properly before it because the plaintiff's complaint typically attaches (or at least incorporates by reference) both the plaintiff's work and the defendant's infringing article. In contrast, here the parties have each directed the Court to a smattering of either court or Copyright Office determinations bearing upon originality, but – even if it found those determinations concerning other designs persuasive or even potentially controlling – the Court cannot be certain that there is not other information relevant to the originality/creativity of Plaintiff's work that may be developed during discovery, and/or with the assistance of experts.

Obviously, the Copyright Office does not encounter the constraints of Rule 12(b)(6) in deciding whether or not to register a proposed copyright. Unlike a number of the decisions Defendant cites in its briefing, this Court also does *not* have the views of the Copyright Office before it on the question of originality/copyrightability here because Plaintiff's copyright is not registered in the United States (nor does it appear he even applied for such registration).[3]

The Court is not aware of any published (*i.e.*, precedential) Ninth Circuit or Supreme Court decision approving of conducting this originality analysis at this stage. As

---

[1] Despite Adidas America's brief suggestion that it do so, *see* Docket No. 19-1, at 10:26-28, the Court will not elect to consider this motion as a summary judgment motion at this early-stage of the case, where no factual development has taken place on an issue that may require such development, and where no Local Rule 56-1/56-2 statements have been submitted.

[2] This was the setting in this Court's decisions in *Jangle Vision, LLC v. Alexander Wang Incorporated*, No. 2:21-cv-09964-GW-E, Docket No. 34 (C.D. Cal. May 11, 2022), and *Dumond v. Reilly*, No. CV 19-8922-GW-AGRx, 2021 WL 733311, *8 (C.D. Cal. Jan. 14, 2021), and – at least to a large degree – *Pretty in Plastic, Inc. v. Bunn*, No. 19-55278, 793 Fed. Appx. 593, 594 (9th Cir. Feb. 10, 2020).

[3] Adidas America itself states that, unlike with respect to any "United States work," "[o]wners of foreign works like the one at issue here . . . may sue in the United States without a registration." Docket No. 19-1, at 3:26-4:2.

4

noted above, *Feist* itself resulted from an appeal of a summary judgment ruling. *See* 499 U.S. at 344. With very few exceptions, the cases Defendant has cited in its briefing were not decisions on pleadings-based challenges (even where it was, in the end, a judge/court that made the sufficient-originality determination).

The Court does not doubt that certain district courts have elected to undertake this analysis in connection with a Rule 12(b)(6) motion (out of an uncontrollable desire to reach the merits, or whatever the reason might be). Thus, courts taking the approach that originality may *never* be determined based upon the pleadings, *see, e.g., Optima Tax Relief LLC v. Channel Clarity, Inc.*, No. SACV 14-1902-JLS (JCGx), 2015 WL 12765016, *3 (C.D. Cal. Aug. 26, 2015), may have overstated their case (if the issue is still, in fact, an open one in this Circuit[4]).

Courts that have dealt with this type of argument at the motion-to-dismiss stage have, in this Court's research, largely *denied* such motions, finding sufficient allegations of originality. *See, e.g.*, *Health Indus. Bus. Commc'ns Council Inc. v. Animal Health Inst.*, 481 F.Supp.3d 941, 961-62 (D. Ariz. 2020); *Craigslist Inc. v. 3Taps Inc.*, 942 F.Supp.2d 962, 970-72 (N.D. Cal. 2013); *Therapeutic Research Faculty v. NBTY, Inc.*, 488 F.Supp.2d 991, 995 (E.D. Cal. 2007). Where pleadings-based challenges have succeeded, the cases have largely involved a single-element of alleged creativity. It may be a particularly simple matter to perform, at the motion to dismiss stage, the type of analysis Defendant would like to occur here where there is only a single element at issue, and the question is whether that element is sufficiently-original. *See, e.g., Pretty in Plastic, Inc. v. Bunn*, No. 19-55278, 793 Fed. Appx. 593, 594 (9th Cir. Feb. 10, 2020); *Planesi v. Peters*, No. 04-16936, 2005

---

[4] Plaintiff cites *Dezendorf v. Twentieth Century-Fox Film Corp.*, 99 F.2d 850 (9th Cir. 1938), which stated that it was "confronted with a 'nice question of originality,' which is one of fact, not of law; one that may not be summarily disposed of upon a motion to dismiss, but which must be established by proof." *Id.* at 851. Defendant responds that *Dezendorf* is no longer good law because it is inconsistent with "modern cases," Docket No. 22, at 1:15-21, though it does not cite any Ninth Circuit decision indicating that *Dezendorf* is dead-letter. However, while *Dezendorf* has only been cited once (outside of that litigation itself) in a published Ninth Circuit decision in the 84 years since its issuance, that one citation was *recent* – in a partial concurrence/dissent to the *en banc* decision in 2020 in *Skidmore as Trustee for Randy Craig Wolfe Trust v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020) (*en banc*). *See* 952 F.3d at 1086 (Ikuta, J., concurring in part and dissenting in part) ("We are not well situated to determine whether a musical passage is original; such a determination should have been left up to a properly instructed jury."). Ultimately, given the Court's analysis above, it need not determine whether *Dezendorf* is or is not still good law, because the Court itself independently agrees that the determination in question cannot and should not be made at this stage in this case.

5

WL 1939885 (9th Cir. Aug. 15, 2005)[5]; *Trenton v. Infinity Broad. Corp.*, 865 F.Supp. 1416, 1426-27 (C.D. Cal. 1994); *Zhang v. Heineken N.V.*, No. CV 08-06506 GAF (RCx), 2010 WL 11596643, *5 (C.D. Cal. Sept. 29, 2010); *Aldar Tobacco Grp., LLC v. Am. Cigarette Co. Inc.*, No. 08-62018-CIV-Jordan, 2010 WL 11549585, *3 (S.D. Fla. Mar. 24, 2010). But that is not what we have here – or at least not *all* that we have. Here, as Adidas America itself makes clear based upon the nature of its argument, there is a *combination* of elements at-play in Plaintiff's design. *See, e.g.*, *Feist*, 499 U.S. at 348 ("[C]hoices as to selection and arrangement, so long as they are made independently by the compiler and entail a minimal degree of creativity, are sufficiently original that Congress may protect such compilations through the copyright laws."); *United States v. Hamilton*, 583 F.2d 448, 451 (9th Cir. 1978) ("[O]riginality may be found in taking the commonplace and making it into a new combination or arrangement.").

The parties debate whether or not it is for the Court to make the originality determination itself, or whether there is a role for a factfinder on this question (especially in situations involving combinations-of-elements). Certainly at least under some circumstances it is a question for a jury, otherwise the Ninth Circuit would not have a model jury instructions bearing upon the question. *See, e.g.*, *ACT Grp., Inc. v. WaterFurnace Int'l, Inc.*, No. 16-15973, 700 Fed. Appx. 718, 718-19 (9th Cir. Nov. 1, 2017); *see also Armes v. Post*, No. 2:20-cv-03212-ODW (PJWx), 2022 WL 1136163, *12 (C.D. Cal. Apr. 18, 2022). Although this issue will have to be resolved at some point in this litigation, it is not a necessary decision for purposes of this motion. Even if it is ultimately up to this Court, as opposed to a factfinder, to determine whether there is sufficient originality/creativity, that does not necessarily mean that such a determination can or should be made at the pleadings stage. *See Craigslist*, 942 F.Supp.2d at 972 n.11 (noting a court's observation that "'[o]riginality is often a question of fact'") (quoting *Signo Trading Int'l Ltd. v. Gordon*, 535 F.Supp. 362, 364 (N.D. Cal. 1981)); *see also Newton v. Diamond*, 204 F.Supp.2d 1244, 1253 (C.D. Cal. 2002) (noting, *in context of summary judgment motion*, that "[t]he protectability of elements of a copyrighted work is a question

---

[5] Although this did not stop Adidas America from citing it, *Planesi* is not precedential, or even citable. *See* Ninth Cir. R. 36-3(a), (c).

of law for the court"); *Major Textile Imports, Inc. v. L.A. Printex Indus., Inc.*, CR 07-5875 SVW (CTx), 2008 WL 11343373, *5 (C.D. Cal. Apr. 17, 2008); *cf. Gray v. Hudson*, 28 F.4th 87, 97-102 (9th Cir. 2022).

In light of the foregoing, the Court has no need to consider or resolve Defendant's arguments regarding Plaintiff's secondary-liability copyright claim, nor Defendant's request for fees. The Court also rejects Plaintiff's request for fees, both because there is no demonstration that he complied with the safe-harbor provisions of Rule 11 of the Federal Rules of Civil Procedure and because he is not (or at least not yet) a "prevailing party" under 17 U.S.C. § 505. *See, e.g.*, *Shaw Family Archives, Ltd. v. CMG Worldwide, Inc.*, 589 F.Supp.2d 331, 349 (S.D.N.Y. 2008); *RCA Records v. All-Fast Sys., Inc.*, 594 F.Supp. 335, 340 (S.D.N.Y. 1984).

### IV. Conclusion

For the reasons stated above, the Court denies Adidas America's motion.