KILPATRICK TOWNSEND & STOCKTON LLP
KOLLIN J. ZIMMERMANN (CA Bar No. 273092)
KZimmermann@kilpatricktownsend.com
R. CHARLES HENN, JR. (*pro hac vice* Granted)
chenn@kilpatricktownsend.com
JAMES A. TRIGG (*pro hac vice* Granted)
jtrigg@kilpatricktownsend.com
1801 Century Park East Suite 2300
Los Angeles, CA 90067
Telephone: 310-248-3830
Facsimile: 310-860-0363

Attorneys for Defendant
ADIDAS AMERICA, INC.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| OSCAR TUBIO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ADIDAS AMERICA, INC., AN OREGON CORPORATION; ADIDAS AG, A GERMAN STOCK CORPORATION; AND DOES 1 THROUGH 500, INCLUSIVE,<br><br>　　　　Defendants. | Case No. 2:22-cv-06424-GW (PVCx)<br>*Judge: Hon. George Wu*<br><br>**DEFENDANT ADIDAS AMERICA, INC.'S ANSWER TO COMPLAINT**<br><br>Date: January 11, 2023<br>Judge: Hon. George Wu<br>Complaint Filed: September 8, 2022<br>Trial Date: November 7, 2023 |

ADIDAS AMERICA, INC.'S ANSWER TO COMPLAINT
CASE NO. 2:22-CV-06424-GW (PVCX)

# ANSWER TO COMPLAINT FOR COPYRIGHT INFRINGEMENT

Defendant adidas America, Inc. ("Defendant" or "adidas America") by and through its undersigned counsel, responds to the Complaint filed by Plaintiff Oscar Tubio ("Plaintiff"). Defendant responds to the paragraphs of the Complaint in numbered paragraphs that correspond to the numbering system adopted in Plaintiff's Complaint. Defendant denies each allegation in the Complaint unless expressly admitted.

## ANSWER TO PARAGRAPHS TITLED "JURISDICTION AND VENUE"

1. adidas America admits that the Complaint purports to assert causes of action under the Copyright Act of 1976, Title 17 U.S.C., § 101 et seq., but denies that these causes of action have any merit.

2. adidas America admits this Court has federal question jurisdiction under U.S.C. § 1331 and 1338 (a) and (b).

3. adidas America admits that venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a). adidas America denies the remaining allegations contained in Paragraph 3 of the Complaint.

## ANSWER TO PARAGRAPHS TITLED "PARTIES"

4. adidas America is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies the allegations contained in Paragraph 4 of the Complaint.

5. adidas America admits that it is an Oregon Corporation with its principal place of business located at 5055 Greeley Ave., Portland, Oregon 97217, and is doing business in the state of California. adidas America denies the remaining allegations contained in Paragraph 5 of the Complaint.

6. adidas America admits that named defendant adidas AG is a German stock corporation with its principal place of business located at Adi-Dassler-Strasse

1, 91074 Herzogenaurach, Germany. adidas America denies that adidas AG is a proper party to this action.

7.   adidas America is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies the allegations contained in Paragraph 7 of the Complaint.

8.   adidas America denies the allegations of Paragraph 8 of the Complaint.

### ANSWER TO PARAGRAPHS TITLED "FACTUAL BACKGROUND"

9.   adidas America is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies the allegations contained in Paragraph 9 of the Complaint.

10.   adidas America admits that Boca Juniors is a soccer team in Argentina. adidas America is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies the remaining allegations contained in Paragraph 10 of the Complaint.

11.   adidas America is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and, on that basis, denies the allegations contained in this paragraph.

### ANSWER TO PARAGRAPHS TITLED "CLAIMS RELATED TO BOCA STARS"

12.   adidas America denies the allegations in the first sentence of Paragraph 12 of the Complaint to the extent it alleges that the artwork at issue in this action is "original." adidas America denies the allegations in the second sentence of Paragraph 12 of the Complaint to the extent it alleges that the artwork at issue in this action is "owned exclusively" by Plaintiff.   adidas America denies the allegations in the final sentence of Paragraph 12 of the Complaint to the extent it alleges that the artwork at issue in this action is the subject of any valid copyright.   adidas America is without sufficient knowledge or information to form a belief as to the truth of the

remaining allegations contained in Paragraph 12 of the Complaint and, on that basis, denies the remaining allegations contained in this paragraph.

13.   adidas America admits that Exhibit C purports to be an Argentina copyright registration certificate which document speaks for itself, but is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 13 of the Complaint and, on that basis, denies the remaining allegations contained in this paragraph.

## ANSWER TO PARAGRAPHS TITLED "DEFENDANTS' COPYRIGHT INFRINGEMENT"

14.   adidas America admits that Diego Maradona passed away on November 25, 2020 and that such event made headlines.  adidas America admits that it has sold licensed jerseys depicting the Boca Juniors jersey.  adidas America denies that it "produced and sold" replica jerseys "in order to capitalize" on the death of Diego Maradona.  adidas America is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 14 of the Complaint and, on that basis, denies the remaining allegations contained in this paragraph.

15.   adidas America lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 15 of the Complaint and, on that basis, denies the allegations contained in this paragraph.

16.   adidas America admits that on or about December 19, 2021, a Christian Barra contacted Roland Auschel, a board member of adidas AG, purporting to represent Plaintiff.  adidas America admits that there were subsequent communications between adidas Argentina representatives in Argentina and Plaintiff's representatives, culminating in a mediation.  adidas America admits that Plaintiff has initiated legal proceedings in Argentina against adidas Argentina.  adidas America lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 16 of the Complaint and, on that basis, denies the remaining allegations contained in this paragraph.

17. adidas America admits that it has sold licensed jerseys depicting the Boca Juniors 1981 jersey style. adidas America denies the remaining allegations of Paragraph 17 of the Complaint.

18. adidas America denies the allegations contained in Paragraph 18 of the Complaint.

19. adidas America denies the allegations contained in Paragraph 19 of the Complaint.

20. adidas America denies the allegations contained in Paragraph 20 of the Complaint.

## ANSWER TO THE FIRST CLAIM FOR RELIEF

21. adidas America repeats and incorporates by reference its responses to Paragraphs 1 through 20 above.

22. adidas America admits that it had access to the 1981 iteration of the Boca Juniors jersey and the stars design that it contained. To the extent there are any remaining allegations contained in Paragraph 22 of the Complaint, adidas America denies such allegations.

23. adidas America admits that it sells garments. adidas America denies that any garments at issue in this case are "illegal derivations" of Plaintiff's purported artwork. Adidas America lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 23 of the Complaint and, on that basis, denies such allegations.

24. adidas America denies the allegations contained in Paragraph 24 of the Complaint.

25. adidas America denies the allegations contained in Paragraph 25 of the Complaint.

26. adidas America denies the allegations contained in Paragraph 26 of the Complaint.

27. adidas America denies the allegations contained in Paragraph 27 of the Complaint.

28. adidas America denies the allegations contained in Paragraph 28 of the Complaint.

29. adidas America denies the allegations contained in Paragraph 29 of the Complaint.

### ANSWER TO THE SECOND CLAIM FOR RELIEF

30. adidas America repeats and incorporates by reference its responses to Paragraphs 1 through 29 above.

31. adidas America denies the allegations contained in Paragraph 31 of the Complaint.

32. adidas America denies the allegations contained in Paragraph 32 of the Complaint.

33. adidas America denies the allegations contained in Paragraph 33 of the Complaint.

34. adidas America denies the allegations contained in Paragraph 34 of the Complaint.

35. adidas America denies the allegations contained in Paragraph 35 of the Complaint.

36. adidas America denies the allegations contained in Paragraph 36 of the Complaint.

### ANSWER TO PRAYER FOR RELIEF

No response is required with regard to Plaintiff's prayer for relief. To the extent any such response may be required, adidas America repeats and incorporates by reference its responses to Paragraphs 1-36 above and states that Plaintiff is not entitled to any of the relief sought in the Complaint for each of the reasons set forth in this Answer and Affirmative Defenses to Plaintiff's Complaint and for additional reasons that will be established during the course of this proceeding

# AFFIRMATIVE DEFENSES

In further answer to the Complaint, adidas America asserts the following affirmative defenses:

### First Affirmative Defense – Lack of Originality

Plaintiff's alleged copyrighted work lacks the originality sufficient to merit copyright protection under United States law.

### Second Affirmative Defense – Lack of Timely Registration

Plaintiff is not entitled to statutory damages or attorneys' fees because it lacks a timely United States registration for his alleged copyrighted work.

### Third Affirmative Defense - License

Plaintiff's claims are barred in whole or in part because adidas America had a license to use the alleged copyrighted work.

### Fourth Affirmative Defense - Acquiescence

Plaintiff's claims are barred in whole or in part because Plaintiff acquiesced to Boca Juniors' use and licensing of the alleged copyrighted work.

### Fifth Affirmative Defense – Estoppel

Plaintiff's claims are barred in whole or in part because Plaintiff was aware of Boca Juniors' use and licensing of the alleged copyrighted work and allowed that use to continue without objection. adidas America relied on Plaintiff's allowance of this use to its detriment, as Plaintiff is now objecting to conduct to which it previously assented.

### Sixth Affirmative Defense - Waiver

Plaintiff's claims are barred in whole or in part because Plaintiff was aware of Boca Junior' use of the alleged copyrighted work and allowed that use to continue without objection. Plaintiff thus waived any alleged copyright infringement claim.

### Reservation of Rights

adidas America has not completed its investigation and discovery regarding the facts and claims asserted by Plaintiff. Accordingly, without admitting any obligation

to do so, adidas America reserves the right to assert such additional affirmative defenses as necessary based on such ongoing investigation and discovery.

## PRAYER FOR RELIEF

WHEREFORE, Defendant adidas America prays as follows:

1. That Plaintiff take nothing by reason of his Complaint, and that judgment be rendered in favor of adidas America on the Complaint;

2. That adidas America be awarded its cost of suit incurred in the defense of this action;

3. That adidas America be awarded attorneys' fees with respect to the defense of this action, as permitted by law; and

4. For such other and further relief as may be just and equitable.

DATED: January 11, 2023        Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP


By: */s/James A. Trigg*
    KOLLIN J. ZIMMERMANN
    R. CHARLES HENN, JR. (*pro hac vice Granted*)
    JAMES A. TRIGG (*pro hac vice Granted*)

Attorneys for Defendant
ADIDAS AMERICA, INC.